**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Starr Williams, | ) | Civil Action No. 2:22-cv-00746-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| La Petite Academy, Inc. and | ) | |
| The Learning Care Group, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on Plaintiff Starr Williams' motion to remand. (Dkt. No. 7). For the reasons set forth below, the court grants Plaintiff's motion to remand. (Dkt. No. 7).

I.     **Background**

On February 1, 2022, Plaintiff filed a civil action against Defendants the Court of Common Pleas for Charleston County, South Carolina, as Case No. 2022-CP-10-00472. (Dkt. No. 1-1). Defendants were served on February 7, 2022 and February 8, 2022. (Dkt. No. 1 at ¶ 2). Defendants removed the case to this court on March 8, 2022, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.*). Plaintiff's complaint alleges that she is a resident and citizen of North Charleston, South Carolina; Defendant Learning Care Group, Inc. is a foreign corporation organized in the State of Michigan; and Defendant La Petite Academy, Inc. is a foreign corporation organized in the state of Delaware. (Dkt. No. 1-1 at ¶¶ 1-3). Plaintiff alleges that she witnessed two childcare workers placing a child in a locked closet and reported the incident to the Director. (*Id.* at ¶ 6). Plaintiff alleges the incident was reported to DSS. (*Id.* at ¶ 8). Plaintiff alleges that she was terminated for pretextual reasons. (*Id.* at ¶ 10). Plaintiff brings one claim for wrongful discharge in violation of public policy. At the time of removal, the face of the Complaint did not

specify the amount of damages sought, but prayed for an award of back wages, commissions, lost work benefits, actual, compensatory, and punitive damages, pre-judgment interest, costs, and attorney's fees. (Dkt. No. 1-1 at p.4).

On April 7, 2022, Plaintiff filed a timely motion to remand the case to the state court alleging the court lacks diversity jurisdiction because the amount in controversy has not been met and the parties are not completely diverse. (Dkt. No. 7). On April 19, 2022, Defendants filed a response in opposition to the motion to remand. (Dkt. No. 8). On April 21, 2022, Plaintiff field a stipulation of damages that states "the matter in controversy in this civil action does not exceed the sum or value of . . . [$] 74,999.00." (Dkt. No. 9). On April 27, 2022, the Court entered a text order instructing Plaintiff to clarify whether she would seek to recover an amount in an amount beyond the principle amount declared in her stipulation. (Dkt. No. 11). On April 27, 2022, Plaintiff filed a supplemental stipulation that further stipulates that Plaintiff will not seek to recover or collect any amount above $74,999.00. (Dkt. No. 12).

## II.     <u>Legal Standard</u>

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F. 3d at 151 (citations omitted), *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011)

("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III.   __Analysis__

The complaint requests compensatory, punitive, and actual damages, but does not specify an amount. (Dkt. No. 1-1 at 4).  The complaint seeks back wages, commissions, and any other work benefits lost.  (*Id.*).  The Plaintiff moves to remand this case to state court on the ground the amount in controversy has not been meet and that the parties are not completely diverse. (Dkt. No. 7).  On April 25, Plaintiff filed a post-removal stipulation of damages, which stipulates that the amount in controversy for this matter does not exceed the sum or value of $74,999.00 exclusive of interest and costs as required by 28 U.S.C. § 1332.  (Dkt. No. 9). On April 27, 2022, Plaintiff filed a supplemental stipulation that further stipulates that Plaintiff will not seek to recover or collect any amount above $74,999.00.  (Dkt. No. 12).

Defendants' response in opposition essentially argues that a Plaintiff in a removed action may not defeat diversity jurisdiction by filing a post-removal stipulation of damages less than the jurisdictional amount.  (Dkt. No. 8 at 4) (citing *inter alia*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-293 (1938); *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999)).  Defendants' motion acknowledges that courts have made limited exceptions to the general rule that events subsequent to removal which reduce the amount recoverable do not oust the courts jurisdiction once it has attached.  (Dkt. No. 8 at 5-6).

The Court will first analyze whether the amount in controversy has been met.  Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal.  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, 2016 WL 1600126, at *2

(D.S.C. Apr. 20, 2016). "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy." *Clifton v. Allen*, No. 9:17-CV-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (quoting *Carter v. Bridgestone Americas, Inc.,* 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013)) (citing *Rota v. Consolidation Coal Co.*, 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5, 1999)) (expressly declining to adopt any particular standard of proof for determining the amount in controversy). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Id.* (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

The Fourth Circuit has adopted a general rule regarding the effect of post-removal stipulations on the propriety of removal where the amount in controversy is plainly stated in the complaint. In situations where the amount in controversy is plainly and unambiguously stated in the complaint, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax, Inc.*, 624 F. 3d at 638 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). In other words, under *St. Paul Mercury*, a plaintiff may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated. *See Porsche Cars N. Am., Inc. v. Porsche.net,* 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citation and internal quotations marks omitted)); *Griffin v. Holmes,* 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff ... may not defeat diversity jurisdiction by filing a post-

removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).")

However, the Fourth Circuit has not opined on the effect of a post-removal stipulation, as is the case here, where the initial complaint does not specify an amount. There is guidance on this issue from the U.S. Court of Appeals for the Fifth Circuit and other federal district courts within the Fourth, Fifth, and Sixth Circuits.  Various jurisdictions have found that "a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter,* 2013 WL 3946233, at *1–2; *see also Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (asserting that post-removal affidavits and stipulations may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *see also Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. 1996) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). This use of clarification is permitted, rather than forbidden, under *St. Paul Mercury*. *See Walker v. Poland*, 2009 WL 5195762, at *1–2 (D.S.C. Dec. 22, 2009); *Tommie v. Orkin, Inc.*, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009).

Upon a review of the complaint, the Court notes that Plaintiff did not specify an amount of damages.  (Dkt. No. 1-1).  Therefore, the court interprets Plaintiff's post-removal stipulation of damages as a clarification of damages she is seeking.  *Stanley v. Auto-Owners Ins. Co.*, 423 F.

Supp.3d 225, 229 (D.S.C. 2019); *Ferguson v. Wal-Mart Stores, Inc.*, No. 94-2696, 1994 WL 653479, at * 2 (D.S.C. Nov. 15, 1994); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996).  Plaintiff's stipulation states that the amount in controversy in this matter does not exceed $74,999.00 exclusive of costs and interests and that Plaintiff will not seek to recover or collect any amount above $74,999.00. (Dkt. Nos. 9, 12).  The Court finds the Plaintiff's stipulation is binding and Plaintiff may not recover an amount that exceeds $74,999.00 in damages, exclusive of costs and interests.  *Stanley*, 423 F. Supp. 3d at 231; *Cox v. Willhite Seed, Inc.*, Civil Action No. 1:13-cv-028930JMC, 2014 WL 6816990, at * 2 (D.S.C. Dec. 4, 2014). As the court finds the threshold jurisdictional amount in controversy for diversity jurisdiction has not been met, the Court need not rule on whether there is complete diversity of the parties.  The Court finds that it lacks jurisdiction over this case and will remand the case to the Circuit Court of Charleston County, South Carolina.

## IV.    <u>Conclusion</u>

For the reasons stated above, Plaintiff Starr Williams' motion to remand (Dkt. No. 7) is **GRANTED**. The Court **REMANDS** this action to the Circuit Court of Charleston County, South Carolina.

**AND IT IS SO ORDERED**.

!
!

<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge

May 5, 2022
Charleston, South Carolina

6